(C.D. 2730)

KURT ORBAN COMPANY, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided July 14, 1966)

*Sharretts, Paley & Carter* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: Upon importation certain merchandise, covered by the protests enumerated in the schedule attached to and made a part of the decision herein, was classified by the collector of customs as articles or wares, not specially provided for, composed wholly or in chief value of steel, in paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and assessed with duty thereon at the rate of 20 per centum or 19 per centum ad valorem, depending upon the date of entry.

It is the contention of plaintiff herein that said merchandise should properly have been classified as bolts, with or without threads or nuts, of iron or steel, in paragraph 330 of said act, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and subjected to duty at the rate of ½ cent per pound.

The parties hereto have submitted these cases for decision upon the following stipulation of fact:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto that the merchandise marked "A" and checked VBS (Examiner's Initials) by Examiner Van B. Scott (Examiner's Name) on the invoices covered by the protests enumerated in Schedule A, hereto attached and made a part hereof, assessed with duty, depending upon date of entry, at 20% or 19% ad valorem under paragraph 397, Tariff Act of 1930, as modified by T.D. 54108, as articles wholly or in chief value of iron or steel, consists of galvanized hinge bolts with hexagon nuts, the same in all material respects as the merchandise the subject of *Winter, Wolff and Co., Inc.* v. *United States*, C.D. 2528, wherein said merchandise was held properly dutiable as bolts under paragraph 330 of the Tariff Act of 1930, as modified by T.D. 51802.

IT IS FURTHER STIPULATED AND AGREED that the record in C.D. 2528 be incorporated with the record in these cases and that the protests be submitted on this stipulation, said protests being limited to the merchandise marked "A", as aforesaid, and to the claim that said merchandise is properly dutiable at ½¢ per pound under paragraph 330 of the Tariff Act of 1930, as modified by T.D. 51802.

Upon the agreed facts of record and following the cited authority, we find and hold that the items of merchandise, marked and initialed as aforesaid, should properly have been classified as bolts, with or without threads or nuts, of iron or steel, in paragraph 330 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, *supra*, and subjected to duty at the rate of ½¢ per pound. The claim in the protests to that effect is, therefore, sustained. As to all other merchandise and all other claims, the protests are overruled.

Judgment will issue accordingly.